ARCADIA KNITTING MILLS, Inc., v.

PRINCETON KNITTING MILLS, Inc.

PRINCETON KNITTING MILLS, Inc., v. ARCADIA KNITTING MILLS, Inc.,

et al.

District Court, S. D. New York.

Feb. 28, 1941.

Herman Seid, of Syracuse, N. Y. (Marx & Kahn, of New York City, of counsel), for plaintiff, Arcadia Knitting Mills, Inc.

Benjamin Jaffe, of New York City (W. Hastings Swenarton, of New York City, of counsel), for defendant, Princeton Knitting Mills, Inc.

GODDARD, District Judge.

This is a suit under the Declaratory Judgment Act, 28 U.S.C.A. § 400, to have declared invalid Fleisher Patent No. 2,123,-847 issued July 12, 1938, on application filed February 23, 1938, now owned by the defendant, Princeton Knitting Mills, Inc.

In its answer Princeton Knitting Mills, Inc., sets up a counterclaim charging the Arcadia Knitting Mills, Inc., with infringement. Subsequently, the Princeton Knitting Mills, Inc., filed suit against the Arcadia Knitting Mills, Inc., and its president for alleged unfair competition. In its answer to the second suit the Arcadia Knitting Mills, Inc., counterclaimed claiming unfair competition against Princeton Knitting Mills, Inc., but on trial both parties abandoned their suits for unfair competition, and the issues are now confined to the validity of the patent in suit, for Arcadia Knitting Mills, Inc., seems to concede that if the patent is valid, Arcadia infringes.

The Fleisher patent was issued for a fabric, much similar to all knitted fabrics of this "inlaid" type, which consists of two parts knitted together (1) a plain jersey cloth base on which (2) yarn is laid in the form of floats and inlays. A "float" is a loose piece of yarn laid upon the base fabric, and an "inlay" is simply a continuation of the float which is interwoven with the base fabric and this upper side of the fabric may be brushed, if suitable yarns are used, to give it a fluffy appearance.

The letters patent contain four claims, which read:

"1. An inlaid knitted fabric repeating every six courses, each repeat consisting of six separate yarns each knitted at every wale in one of said six courses, yarns floated at odd-numbered wales and inlaid at even-numbered wales in each of the first, second and third courses, and yarns floated at even-numbered wales and inlaid at odd-numbered wales in each of the fourth, fifth and sixth courses.

"2. An inlaid knitted fabric repeating every six courses, each repeat consisting of six separate yarns each knitted at every wale in one of said six courses, yarns floated at odd-numbered wales and inlaid at even-numbered wales in each of a plurality of courses, and other yarns floated at even-numbered wales and inlaid at odd-numbered wales in each of another plurality of courses.

"3. An inlaid knitted fabric repeating every six courses, each repeat consisting of six separate yarns each knitted at every wale in one of said six courses, yarns floated at odd-numbered wales and inlaid at even-numbered wales in each of a plurality of successive courses, and other yarns floated at even-numbered wales and inlaid at odd-numbered wales in each of another plurality of successive courses.

"4. An inlaid knitted fabric repeating every six courses, each repeat consisting of six separate yarns each knitted at every wale in one of said six courses, yarns floated at odd-numbered wales and inlaid at even-numbered wales in each of a plurality of courses, and other yarns floated at even-numbered wales and inlaid at odd-numbered wales in each of another plurality of courses, said floats and inlays being located on the same side of the fabric to facilitate napping for producing a wool-like surface".

It will be noted that the claims are restricted to precise groupings or arrangements of floats and inlays on the basic knitted fabric.

The difference between the broad claims 2 and 4 and claims 1 and 3 is that in claims 2 and 4 the floats are staggered over two

rows, whereas in claim 1 the floats must be three in a row and at least two in a row in claim 3.

The attached Exhibit 56 is a photostat of blackboard diagram used at the trial representing enlarged pictures of the float and inlay groupings under discussion:

Groups (1) and (2) represent the float and inlay groupings of all the claims, and floats $\cup$ and the inlays $\frown$ being intended to be shown one needle wide. The floats and inlays of groups (3) and (4) are in structure and arrangement the same as in group (1) except that they are two

Ex Exhibit 56.

needles wide and three needles wide respectively. Group (1) follows claim 1 and claim 3 of the patent in issue and group (2) follows claim 2 and 4 of the patent. The sketch on the right of the float groupings is intended to illustrate the cam arrangements on a Wildman Knitting machine used in making such fabrics. Both Arcadia and Princeton are now producing and selling the fabric having the one needle wide float and inlay arrangements shown by group (1). And the principal question raised by this litigation is whether or not Princeton has, under the claims of the patent in issue, obtained the exclusive right to make this particular fabric.

■ Claims 2 and 4 of the patent are invalid because anticipated by prior knowledge and use. I am convinced beyond any reasonable doubt that Arcadia produced and sold in 1936 and 1937 to some sixteen manufacturers approximately 35,000 yards of cloth, known as "Arcadia 1838" and small amounts of two other fabrics referred to as "Arcadia 2294a" and "Arcadia 2362" respectively, all of which had the exact arrangements of floats and inlays of claims 2 and 4, and another manufacturer, the Elkind Knitting Company, produced and sold a similar fabric during 1932 and 1934.

■ The validity of claims 1 and 3 depends upon whether or not making the floats and inlays one needle wide instead of two or more needles wide involves invention, the arrangements of floats and inlays being alike.

Princeton admits that the public has the right to make fabrics with the same arrangements of floats and inlays as shown by groups (3) and (4) on the diagram which have floats and inlays two and three needles wide respectively; but contends that claims 1 and 3 are confined to floats and inlays one needle wide as shown by groups (1) and (2), and that under these claims Princeton has the exclusive right to produce fabrics with this arrangement of floats and inlays one needle wide.

Both Princeton and Arcadia make their fabrics on a Wildman Knitting Machine manufactured by the Wildman Manufacturing Company and which has been quite generally used by knitters of fabrics of this character for the past fifteen years. The blackboard drawing (Exhibit 56) shows the arrangement of needle and cam on the Wildman knitting machine (L long butt needle, S short butt needle) which produces, when operated by one skilled in the art, a jersey cloth with floats and inlays covered by claims 2 and 4 of the patent. Such arrangement of needles and cams is described in drawings published by the Wildman Manufacturing Company as early as August, 1928. Any skilled operator of that machine could produce the float and inlay arrangement called for under claims 2 and 4, and a simple adjustment of its cams and needles produces the exact arrangement of floats and inlays called for under claims 1 and 3.

Both Arcadia and Princeton have merely adopted one of the many cam and needle arrangements open to any one using the Wildman knitting machine and there was nothing novel in adopting a particular arrangement of its cams and needles. Princeton's arrangement of floats and inlays is not new. Such arrangement has been used frequently, and the use of one, two and three needle combinations in knitting, has been a common practice for years.

The Elkind Knitting Mills produced in 1932 to 1935 a fabric with the float and inlay structure exactly like that covered by claims 1 and 3, except the floats and inlays were two needles wide, illustrated by group (3) in the diagram. In 1936 Arcadia produced and sold fabrics described as "Arcadia 2386" and "Arcadia 2397", having the same arrangement of floats and inlays specified in claims 1 and 3, except they were three needles wide as illustrated by group (4) on the diagram.

The making of a fabric with an old arrangement of floats and inlays only one needle wide, instead of two or three needles wide, does not seem to me to amount to invention in view of the highly developed state of the art of knitting. To permit Princeton to have a monopoly on the ground that it or the patentee had discovered or invented something new would, I think, be depriving the public of knitting practices it had been using for years.

Princeton points to the immediate demand for and the large commercial success of its fabric, which it sells under the trade name of "Fluff Knit" as strongly persuasive evidence of invention; but this, I believe, is at least in part due to the fact that "Bemberg Yarn" or other soft fluffy yarns are now used instead of the hard yarns formerly employed by manufacturers of fabrics of this character.

Accordingly Arcadia Knitting Mills, Inc. may have a decree declaring the patent in suit invalid. Proposed findings of fact and conclusions of law to be presented promptly.